124

## Folliard et ux. v. Bryn Mawr Trust Company et al., Trustees

*Frank J. Bradley*, for plaintiffs.

*Desmond J. McTighe*, of *Fox & McTighe*, for defendants.

DANNEHOWER, J., June 15, 1945.—In this case a suit in trespass was brought on June 5, 1944, by plaintiffs against defendants for damages alleged to have resulted from the negligence of the latter in permitting the freezing of the water or plumbing system in a house purchased by plaintiffs from defendants. The summons and plaintiffs' statement of claim were served on defendants immediately thereafter. An affidavit of defense raising questions of law was disposed of in December 1944, Folliard et ux. v. The Bryn Mawr Trust Co. et al., 61 Montg. 90 (1944), and the present petition for a stay (purporting to be in accordance with the provisions of the Soldiers' and Sailors' Civil Relief Act of October 1, 1940, 54 Stat. at L. 1178), was

filed on March 2, 1945, after an affidavit of defense on the merits had been filed.

Plaintiffs on January 17, 1944, entered into an agreement to buy a home from defendants. Previous to that time individual defendant, Hirst, had resided in the premises. Settlement was to be made on or before February 17, 1944. A supplemental agreement was later entered into, providing for settlement on February 3rd, but permitting defendants to retain possession until February 17th, as some of Hirst's furniture and personal belongings remained in the house, from which he had removed about a year before. Plaintiffs' theory is that defendants or their agents were negligent in allowing the plumbing and water system to freeze, resulting in damage to the property.

Defendants have asked for a stay of proceedings on the ground that Clarence Bacon, alleged to be a material witness, is in the Army of the United States stationed in the Philippines, and that it is impossible to take his depositions. Bacon for a number of years had been employed by Hirst as a general handy man about the premises on full time until January 1943. For a year until January 1944 he was employed part time, and from January to February 1944 he was on the premises every day doing whatever work was required, but did not live on the premises. Hirst himself rarely went to the basement of the house, but Bacon frequently went there as occasion required, and according to Hirst's deposition Bacon would be in a position to know whether or not the water company and a certain plumber had complied with instructions from The Bryn Mawr Trust Company to turn off the water and to drain the plumbing system.

Defendants' petition for a stay is based on two grounds: First, that Bacon is a material witness, because there is no other known witness able to testify as to conditions in the house at the pertinent times; and second, inasmuch as Bacon may later be subject

to suit to impose liability over to defendants, his rights might be prejudiced, and a stay should be granted to protect him.

The first ground is really an application for an indefinite continuance. Pa. R. C. P. 216 governs continuance and lists the grounds therefor. Under section A(3) an application for continuance because of inability to subpœna or take the testimony of a material witness must state:

"(a) The facts to which the witness would testify if present or if his deposition should be taken;

"(b) The grounds for believing that the absent witness would so testify or give his deposition;

"(c) The efforts made to procure the attendance or deposition of such absent witness; and

"(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that his deposition can and will be obtained."

Conceding for the purpose of discussion that the conditions in paragraphs (c) and (d) have been met, the application must fail because the conditions in paragraphs (a) and (b) have not been and apparently cannot be met. Nowhere in the petition or in the depositions does it appear what facts Bacon could testify to or why petitioners believe he would so testify. The most petitioners allege is that Bacon was on the premises, had an opportunity to observe conditions and might be able to testify one way or another as to what had taken place. In the light of these circumstances, we are not justified in our discretion in granting a continuance for an indefinite time to the prejudice of plaintiffs' right to have the cause heard and decided promptly: See Vol. 4, Standard Pa. Prac., sec. 18.

Nor is there any greater merit in the second ground. The express purpose of the Soldiers' and Sailors' Civil Relief Act of 1940 is to expedite national defense by temporary suspension of the enforcement of civil liabilities of persons in military service. The act has

nothing whatsoever to do with witnesses. The possibility that Bacon may in the future be sought to be charged with any negligence shown to exist is extremely remote. In the event he is made a party in a suit brought for that purpose, his rights as a party can be adequately protected upon proper application.

And now, June 15, 1945, for the reasons given in the foregoing opinion, the petition for a stay is dismissed.